Filed 7/24/26  P. v. Neece CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085961 |
| v. | (Super.Ct.No. FVI1101564) |
| BRANDON NEECE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kathleen Curtis, Judge.  Reversed and remanded with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013 Brandon Neece pled guilty to second degree murder and first degree burglary. In 2022, Neece filed a petition to vacate his conviction and be resentenced under Penal Code section 1172.6.[1] The court summarily denied the petition. We conclude the court erred, reverse its order denying the petition, and remand for further proceedings.

## BACKGROUND

In 2011 Neece and an accomplice James Long broke into their victim's house. According to Neece and Long, the plan was to hit the victim with a flashlight, knock him unconscious and then steal his television. A few days later, police found the victim dead with several bruises and stab wounds. A third party told police that Long and Neece confessed to being involved in the murder, with Neece telling the third party he hit the victim with a flashlight, and Long admitting he stabbed the victim.

Police interviewed Neece, then Long. Neece confirmed that he and Long broke into the victim's home to steal his television set. He said he watched Long and the victim struggle and was present when the victim died. Neece said he did not know Long was going to kill the victim.

Long told police he hit the victim with a flashlight, but the victim woke up. At that point Long believed the victim recognized him. He told police that he then spoke to Neece, who told him to go back and kill the victim. Long then grabbed a kitchen knife and used it to stab the victim to death.

---

[1] Unlabeled statutory citations refer to the Penal Code.

The San Bernardino County District Attorney charged Neece and Long with murder (§ 187, subd. (a)), second degree robbery (§ 211) and two counts of first degree burglary (§ 459). At the preliminary hearing, the prosecution called the interviewing officer to testify about his interviews with the third party, Neece, and Long. After the hearing, the court held both Neece and Long to answer as charged. Eventually Neece pled guilty to second degree murder and one count of first-degree burglary.

In 2022 Neece filed a petition under section 1172.6, seeking to vacate his sentence and be resentenced. The court heard the petition in February 2025. At the hearing, Neece's counsel stated that he was "appointed to determine eligibility pursuant to 1172.6," and concluded Neece was not eligible. Neece's counsel cited cases involving defendants who made a prima facie showing (see, e.g., *People v. Rodriguez* (2024) 103 Cal.App.5th 451)—for the proposition "that a guilty plea is a judicial admission . . . [¶] it's an admission that he was, in fact, the killer," and therefore Neece could not state a prima facie case for relief. The People agreed with this representation. Based on this, the court summarily denied Neece's petition.

## DISCUSSION

On appeal, Neece argues the trial court erred by concluding he did not state a prima facie case for relief. The People agree but argue Neece invited the error when his attorney conceded the issue. We disagree that this was invited error, reach the merits of Neece's claim, and agree with the parties that the trial court erred in denying his petition for relief.

In 2018, the Legislature amended the definition of felony murder in section 189 to restrict culpability for murder to actual killers, aiders and abettors, and anyone who was "a major participant in the underlying felony and acted with reckless indifference to human life" unless the victim was a peace officer. (§ 189, subd. (e)(1)-(3), (f).) At the same time, the Legislature added section 1170.95, later renumbered to section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine," to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts," if, among other things, "[t]he petitioner could not presently be convicted of murder" (§ 1172.6, subd. (a)), because of the changes to the law wrought by Senate Bill 1437. (§ 1172.6, subd. (a)(3).) If the petition makes a prima facie case for relief the court must hold an evidentiary hearing. At this hearing, the People have the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder under the law as it exists now, with the trial judge sitting as factfinder. (§ 1172.6, subds. (b), (d)(3).)

When conducting a prima facie review, the court " ' " 'takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).) "If the record of conviction does not conclusively demonstrate that the defendant 'engaged in the requisite acts and had the requisite intent' to be convicted on a theory of murder that remains valid, denying

relief at the prima facie stage is improper." (*People v. Barboza* (2021) 68 Cal.App.5th 955, 965-966.) A preliminary hearing transcript is part of the record of conviction for these purposes, and courts may rely on them when reviewing petitions at the prima facie stage. (See *People v. Patton* (2025) 17 Cal.5th 549, 568 ["there is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea."].)

We review the trial court's decision at the prima facie stage de novo. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

Here, we agree with the parties that the court erred by denying Neece's petition at the prima facie stage. Contrary to the court's and counsel's understanding below, a guilty plea (without more) is not an admission to any particular theory of guilt, and therefore cannot render a defendant ineligible for relief as a matter of law. (See *Eynon*, *supra*, 68 Cal.App.5th at p. 977 ["By pleading guilty, the defendant admitted every element of the charged offense . . . [b]ut the defendant did not admit facts supporting liability on any particular theory . . . . Accordingly, the guilty plea did not constitute an admission that the defendant acted with malice."].)

Moreover, the record of conviction, including the preliminary hearing transcript, does not contain any facts definitively foreclosing Neece's eligibility for relief. It is undisputed that Neece was not the sole participant in either the burglary or murder of the victim. Nor is there any clear evidence Neece was the actual killer—indeed, the only evidence presented suggests Long, not Neece, was the actual killer. While it is possible

5

that, at an evidentiary hearing, the People could prove Neece guilty under a still valid theory (such as direct aiding and abetting) there are no facts in the record of conviction that foreclose the possibility he was convicted under a now invalid theory. Reviewing de novo, we therefore find that Neece established a prima facie case for relief, and the trial court should not have denied his petition for failing to do so.

Having concluded the court erred by denying Neece's petition, we next turn to whether Neece's counsel's erroneous concession invited that error, such that we cannot or should not correct it.

"The doctrine of invited error 'is an "application of the estoppel principle" ' and applies when a party invites the court or the jury to commit error." (*People v. Midell* (2025) 113 Cal.App.5th 1060, 1072.) "Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212.) It " ' "is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest." ' [Citation.] However, for the doctrine to apply, it ' "must be clear that counsel acted for tactical reasons and not out of ignorance or mistake." ' " (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.) In order to apply the doctrine, "the record must show only that counsel made a conscious, deliberate tactical choice," "it need not additionally show counsel correctly understood all the legal implications of the tactical choice." (*People v. Cooper* (1991) 53 Cal.3d 771, 831.) In other words, "the invited error doctrine applies so

6

long as counsel made a conscious, tactical choice even if such choice was based on a misunderstanding of the law." (*People v. Duncan* (1991) 53 Cal.3d 955, 970; see *People v. Wader* (1993) 5 Cal.4th 610, 658 (*Wader*).)

We conclude that on this record defense counsel's decision to concede that Neece is ineligible for relief was not a deliberate tactical choice. Put simply, there was no possible tactical purpose for counsel's decision to concede the matter. Neece did not stand to receive any possible benefit from this concession, and therefore the decision to concede could only have been a genuine mistake.

This case is thus distinguishable from cases like *Wader*, *supra*, 5 Cal.4th 610. In that case, defense counsel requested an erroneous jury instruction, and the court found the invited error doctrine applied because "[a]lthough no tactical purpose for requesting the instruction . . . appears on the face of the record, we cannot determine on the record alone whether counsel could have had no rational tactical purpose for requesting this instruction." (*Wader*, at p. 658.) That is not true here. Here, we *can* conclude from the record that there was no rational tactical purpose for defense counsel's error besides pure mistake. Counsel could not have been angling for a more favorable disposition—even mistakenly—because the error foreclosed any possibility for a more favorable disposition.

Finally, even if the invited error doctrine did apply, we would still reach the merits. Because "a deliberate tactical choice by counsel . . . may be an incompetent one," courts have recognized that defendants barred from raising error under the invited error

7

doctrine may instead claim they received ineffective assistance of counsel. (*Wader*, *supra*, 5 Cal.4th at p. 658.) However, courts may also address the merits of an otherwise procedurally barred claim in order to "avert any claim of inadequate assistance of counsel." (See *People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310.) Thus, even if we concluded Neece had invited the error he now complains of, we would exercise our discretion to reach the merits anyway to avoid the same result obtaining through an ineffective assistance of counsel claim.

Because we reach the merits of Neece's claim and conclude he made a prima facie showing for relief, we reverse the trial court's order denying Neece's petition under section 1172.6 and remand for further proceedings.

## DISPOSITION

We reverse the order denying Neece's section 1172.6 petition and remand. On remand, we direct the trial court to issue an order to show cause and to conduct further proceedings as required under section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:


RAMIREZ _____
P. J.


MENETREZ _____
J.

8